Fahey, J.
(dissenting). I respectfully dissent and would reverse the judgment and order, deny the motion and reinstate the complaint. “ ‘[I]n order for a landlord to be held liable for injuries resulting from a defective condition upon the premises, the plaintiff must establish that the landlord had actual or constructive notice of the condition for such a period of time that, in the exercise of reasonable care, it should have been corrected’ ” (Heyward v Shanne, 114 AD3d 1212, 1213 [2014], quoting Juarez v Wavecrest Mgt. Team, 88 NY2d 628, 646 [1996]). In my view, under the circumstances of this case, there is an issue of fact whether defendant “had notice of the dangerous lead paint condition in the subject [house] ‘for such a period of time that, in the exercise of reasonable care, it should have been corrected’ ” (id., quoting Juarez, 88 NY2d at 646).
Chapman v Silber (97 NY2d 9 [2001]) is familiar if not seminal lead-based paint jurisprudence, and there the Court of Appeals taught that constructive notice of a hazardous, lead-based paint condition may be established by evidence “that the landlord (1) retained a right of entry to the premises and assumed a duty to make repairs, (2) knew that the [residence] was constructed at a time before lead-based interior paint was banned, (3) was aware that paint was peeling on the premises, *1263 (4) knew of the hazards of lead-based paint to young children and (5) knew that a young child lived in the apartment” (id. at 15). Defendant concedes the fourth Chapman factor, i.e., that he was aware of the hazards of lead-based paint, and in my view there are issues of fact with respect to the remaining Chapman factors. Here, the record established that the house at issue was owned by defendant and his wife at the time plaintiff lived at that residence and was allegedly exposed to lead-based paint hazards therein. The record also establishes that defendant’s nephew testified that, based on his recollection of descriptions of conversations between defendant’s stepson and defendant’s wife, he and defendant’s stepson acted with the authority of defendant and defendant’s wife with respect to the maintenance and upkeep of the house, interactions with tenants, receipt of rent money, possession of keys, repairs, and the overall management of the house. That evidence, together with the deposition testimony of defendant’s nephew concerning a signed landlord statement showing defendant’s nephew as both owner and agent for the house in question, creates issues of fact whether defendant’s nephew acted as defendant’s agent with respect to the house (see 2A NY Jur 2d, Agency and Independent Contractors § 23), and whether plaintiff may satisfy the Chapman factors contested by defendant.
Present—Smith, J.P, Fahey, Peradotto, Carni and Sconiers, JJ.